UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SAINT ALPHONSUS REGIONAL<br>MEDICAL CENTER, INC.,<br><br>　　　　　　Defendant. | Case No. 1:12-cv-26-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Raul Mendez's motion to compel disclosure of an investigative file and report prepared by the Employee Relations Manager of Defendant Saint Alphonsus Regional Medical Center, Inc. (SARMC). (Dkt. 49.) The report was prepared in connection with SARMC's investigation of concerns raised by Mendez in an email complaint submitted to SARMC's Local Integrity Officer on May 7, 2010, in connection with Mendez's employment with SARMC.

Upon review, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record without oral argument. Dist. Idaho Loc. Civ. Rule 7.1(e). For the reasons stated below, the Court will deny Mendez's motion to compel.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Mendez, as a former employee of SARMC, filed this lawsuit in January of 2012, alleging employment discrimination, hostile work environment and retaliation under federal and state laws. In his Amended Complaint, (Dkt. 5), Mendez asserts claims against SARMC for retaliation, unlawful harassment, and discrimination on the basis of religion, race and national origin, pursuant to 42 U.S.C. § 2000e-5, *et seq.* and Idaho Code § 67-5901, *et seq.* Mendez also seeks damages for breach of the implied covenant of good faith and fair dealing regarding his employment contract with SARMC. All of Mendez's claims stem from the conduct of Mendez's former supervisor, Connie Miller, and Ms. Miller's friend and co-worker, Rachel Croft, beginning sometime in 2009 and continuing through the termination of Mendez's employment with SARMC in October of 2010.

The discovery dispute presently before the Court involves an internal complaint made by Mendez on May 7, 2010, through SARMC's Organizational Integrity Program (OIP) and an investigative report prepared by SARMC regarding that complaint. The OIP complaint is referenced in Mendez's Amended Complaint. (*See* Dkt. 5 ¶ 18.) Throughout discovery, SARMC maintained that the investigative report is confidential and protected from disclosure by both the attorney-client privilege and the work product doctrine. Shortly after SARMC filed a motion for summary judgment, Mendez filed the instant motion seeking an order compelling production of the OIP investigation report and

contents of the investigative file,[1] and a companion motion asking the Court to defer consideration of the motion for summary judgment until the motion to compel was resolved. Consideration of the motion to compel was prolonged, in part due to the withdrawal of Mendez's counsel. However, the motion has been fully briefed and is ripe for the Court's review.

SARMC claims the OIP Report is protected by the attorney-client privilege "because it is a communication between SARMC and its legal counsel made at the request of legal counsel for the purpose of providing legal advice." (Dkt. 61 at 2.) SARMC also claims the OIP Report is protected by the work product doctrine "because it was prepared in anticipation of litigation at the direction of legal counsel." (Dkt. 61 at 2.)

In support of the motion to compel, filed by Mendez's former counsel, Mendez challenges application of the work product doctrine as a basis for SARMC's failure to produce the OIP Report. Further, Mendez, in his pro se filing, alleges the "Attorney/Client privilege is a bogus claim" because the Employee Relations Manager who conducted the investigation and prepared the report informed Mendez he would discuss some of Mendez's allegations with "HR and management," and thus must have shared content of the investigation with people outside of the Office of General Counsel. (Dkt. 63 at 4.) The Court evaluates these arguments below.

---

[1] SARMC maintains the Employee Relations Manager who prepared the report did not create a file other than the OIP investigation report. (Dkt. 61 at 3.)

**MEMORANDUM DECISION AND ORDER - 3**

# DISCUSSION

Mendez moves to compel disclosure of the OIP Report pursuant to Rule 37 of the Federal Rules of Civil Procedure.[2] Rule 37 states: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The party opposing discovery "has the burden of showing that the discovery should not be allowed, and also has the burden of clarifying, explaining or supporting its objections with competent evidence." *Trejo v. Macy's, Inc.*, No. 13-2064, 2014 WL 1091000, at *1 (N.D. Cal. Mar. 17, 2014).

## 1. The OIP Report is Protected by the Attorney-Client Privilege

The attorney-client privilege is intended to "encourage full and frank communication between attorneys and their clients." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). One of the main purposes of the attorney-client privilege is to protect "the giving of information to the lawyer to enable him [or her] to give sound and informed advice." *Id.* at 390. The attorney-client privilege should be narrowly construed "because it impedes full and free disclosure of the truth." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002). Therefore, the attorney-client privilege only protects confidential information that "passes between attorney and client for the purpose of giving or obtaining legal advice." *Walker v. County of Contra Costa*, 227 F.R.D. 529, 534 (N.D. Cal. Apr. 14, 2005).

---

[2] Mendez's motion to compel was filed three weeks after the discovery deadline, but SARMC did not object to the untimeliness of the motion.

**MEMORANDUM DECISION AND ORDER - 4**

In this case, Associate General Counsel for SARMC, Jacqueline Fearnside, directed the Employee Relations Manager, Dennis Wedman, to investigate Mendez's claims of "unlawful harassment" and "hostile work environment" raised by Mendez on his own behalf and that of a co-worker in the email sent to SARMC's Local Integrity Officer on May, 2010. (Dkt. 61-3 at 4.) Fearnside "anticipated that [Mendez's] claims would ultimately result in litigation" because his complaint alleged "unlawful harassment" and "hostile work environment." (Dkt. 61-3 at 3.) Fearnside directed Wedman to prepare a report on the investigation in a specific format "for purposes of preparing for any potential litigation and to enable [Fearnside] to provide SARMC with legal advice." (Dkt. 61-3 at 4.) The Report was communicated in confidence and labeled "Confidential –Attorney/Client Privileged." (Dkt. 61-3 at 4.)

Based on these undisputed facts, the Court finds the OIP Report is protected from disclosure by the attorney-client privilege, unless waived as discussed below.

2.      **The OIP Report is Protected by the Attorney Work Product Doctrine**

Under Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." The work product doctrine extends to documents produced by investigators working for attorneys, so long as the documents were created in anticipation of litigation. *See United States v. Nobles*, 422 U.S. 225, 239 (1975).

Dual purpose documents, meaning documents "not prepared exclusively for litigation," can also be protected by the work product doctrine. *United States v. Richey*,

**MEMORANDUM DECISION AND ORDER - 5**

632 F.3d 559, 567-568 (9th Cir. 2011). The Ninth Circuit uses the "because of" test in determining whether a dual purpose document is protected by the work product doctrine. *Id.* Under this test, a dual purpose document is prepared in anticipation of litigation if, "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpeona (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2003). This test does not consider whether the prospect of litigation was the primary or secondary purpose for creating the document. *Id.* The "because of" standard considers the totality of the circumstances and whether the "document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation." *Id.*

In this case, Mendez created the prospect of litigation by alleging "unlawful harassment" and "hostile work environment" on his own behalf and that of a co-worker in his OIP complaint. (Dkt. 61-4 at 5-6.) Due to the nature of these allegations, Fearnside directed Wedman to conduct an investigation regarding Mendez's complaint. (Dkt. 61-3 at 4.) This investigation was more extensive than most investigations into OIP complaints, because most OIP complaints are handled by the Local Integrity Officer without any direction from the Office of General Counsel. (Dkt. 61 at 3.) According to Fearnside's sworn declaration, she anticipated litigation and directed Wedman to conduct the investigation "for purposes of preparing for any potential litigation and to enable [her] to provide SARMC with legal advice." (Dkt. 61-3 at 3-4.) Thus, the OIP Report exists because SARMC anticipated a lawsuit and the investigation was undertaken at the

**MEMORANDUM DECISION AND ORDER - 6**

specific direction of the Associate General Counsel. Therefore, the OIP report is protected from disclosure by the work product doctrine, absent waiver.

3.  **The Attorney-Client Privilege and Protection as Work Product Have Not Been Waived**

Mendez contends SARMC waived any applicable protections because it relies on the OIP investigation as a defense to Mendez's hostile work environment claim. An affirmative defense, known as the *Ellerth-Faragher* defense, may be available to an employer facing a hostile work environment claim. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001). Under the *Ellerth-Faragher* defense, the employer claims it "exercised reasonable care to prevent and correct the … harassing behavior" and "the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

However, an employer cannot use an investigation and the action it took in reliance upon the investigation to support its *Ellerth-Faragher* defense while simultaneously shielding the investigation from discovery. *See e.g., McIntyre v. Main St. and Main Inc.*, No. 99-5328, 2000 WL 33117274, at *1 (N.D. Cal. Sep. 29, 2000). This is because the attorney-client privilege cannot be used "both as a sword and a shield." *United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997). But the attorney-client privilege and work product protection are not waived if the defendant does not rely on an investigation in support of either its *Ellerth-Faragher* defense or any other defense in the case. *See McIntyre*, 2000 WL 33117274, at *1. Additionally, a defendant does not waive

**MEMORANDUM DECISION AND ORDER - 7**

the attorney-client privilege and work product protection by providing a plaintiff with undetailed conclusions about the outcome of its investigation. *See id.*

Although SARMC pled an *Ellerth-Faragher* defense in its Answer, (Dkt. 6 at 13, "Fourth Defense"), it has not used the OIP investigation to support the defense. Had SARMC done so, it may have waived any applicable discovery protections. However, SARMC's Motion for Summary Judgment does not raise an *Ellerth-Faragher* defense and does not rely on the OIP investigation or report in any manner. (Dkt. 48-1.) Moreover, SARMC claims the OIP Report was not the factual basis for asserting the *Ellerth-Faragher* defense in its Answer in the first instance. Instead, this defense was based on other "mechanisms through which employees can report illegal discrimination and harassment." (Dkt. 61-2 at 15.)

Also, on June 1, 2010, Wedman sent a confidential email to Mendez informing him that the OIP investigation had been completed and that the hospital had taken appropriate action with regard to his concerns. (Dkt. 63-1 at 19.) In doing so, SARMC did not waive the attorney-client privilege or work product protection of the OIP report because SARMC merely provided Mendez with undetailed conclusions about its investigation. In short, SARMC is using the attorney-client privilege and work product protection as a shield, and not as a sword, because SARMC is not relying on the OIP Report to support a defense in this case or otherwise relying on the results of the investigation conducted by Wedman to prove or disprove any of the facts alleged by Mendez to support his claims. Thus, the Court finds that SARMC has not waived the attorney-client privilege or work product protection with regard to the OIP Report.

**MEMORANDUM DECISION AND ORDER - 8**

## ORDER

Based on the foregoing, the Court finds that the OIP Report is protected from disclosure in discovery by the attorney-client privilege and the work product doctrine, and these protections have not been waived.

**NOW THEREFORE IT IS HEREBY ORDERED** that Plaintiff's Motion Compelling Disclosure of the OIP Report (Dkt. 49.) and results of the OIP investigation is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to respond to Defendant's motion for summary judgment (Dkt. 48).

Dated: **July 10, 2014**

Honorable Candy W. Dale
United States Magistrate Judge